Date signed November 24, 2010



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| STEPHEN T. HUDGENS | : | Case No. 10-11453PM |
| | : | Chapter 7 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| HENRY E. HAMILTON, SR. | : | |
| ANDREA M. HAMILTON | : | |
| Plaintiffs | : | |
| vs. | : | Adversary No. 10-0256PM |
| | : | |
| STEPHEN T. HUDGENS | : | |
| Defendant | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

## MEMORANDUM OF DECISION

This adversary proceeding seeks a ruling that the debt contained in a Settlement Stipulation entered in the Circuit Court for Prince George's County in Case No. CAL08-05849 ("the Stipulation"), providing for the payment of $27,000.00 by the Debtor to the Plaintiffs, is not discharged.  Plaintiffs filed this Complaint in proper person.  It is an action filed pursuant to § 523(a)(2)(A) of the Bankruptcy Code that provides:

**11 U.S.C. § 523.  Exceptions to discharge**

(a) A discharge under section 727, 1141, 1228(a) 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--
       \*          \*          \*          \*          \*

>> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by--
>>> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

The debt upon which this cause of action rests grew out of failed business relationship, the details of which were not developed at trial. The court understands that the Debtor was to renovate property owned by him located at 2445 East Jefferson Street, Baltimore, Maryland ("the Property"), the profits from which were to be divided between the Plaintiffs and the Debtor. There was no competent evidence as to why the project failed. The Land Records of Baltimore City still reflect that Debtor's entity, Hudgens and Simms, LLC, is the owner of the Property.

The court understands that there are two principal grounds upon which the Plaintiffs rely. The first is that, when the Debtor entered into the Stipulation on January 11, 2010, he had no intention of making the payments called for under it, as he filed this bankruptcy case under Chapter 7 less than two weeks later, on January 22, 2010. This conclusion may be inferred as Debtor, within that short time period, had an appointment with his lawyer (the same one who entered into the Stipulation on his behalf) and raised the $2000.00 required to pay his lawyer's fee for filing the bankruptcy case. The second ground for relief is based upon the claim that the Debtor represented that he was the sole owner of the Property free and clear of any liens. In fact, there was a mortgage upon the Property that Debtor, during the course of trial, stated was in the amount of $75,000.00 at the time that Plaintiffs advanced their money. If that were the case, Debtor made a material misrepresentation upon which Plaintiffs relied.

The court believes the testimony of the Plaintiffs and found little in the Debtor's testimony to be credible. The court finds that Debtor did make the express representation that he owned the Property free and clear of any liens. Debtor had the effrontery to have the unrecorded deed of trust that he had drawn up to be made in his name as grantor. While Debtor was personally responsible for the repayment of the promissory note that he signed on December 13, 2006, the deed of trust that he gave to the Plaintiffs was a sham. The property was never titled in his name. The unrecorded deed of trust was a nullity, as it conveyed no interest in the Property.

Where does that leave the parties? Subsection (2)(A) disallows the discharge of a debt obligation that was obtained by actual fraud. As pointed out in such cases as *Field v. Mans*, 516 U.S. 59 (1995), and *In re Rountree*, 478 F.3d 215, 218 (CA4 2007), a creditor's claim for actual

fraud under 11 U.S.C. § 523(a)(2)(A) requires satisfaction of the following elements: (1) false representation, (2) knowledge that the representation was false, (3) intent to deceive, (4) justifiable reliance upon the representation, and (5) proximate cause of the damages.  However, this subsection does not serve as a basis for a dischargeability claim if the false statement concerns the debtor's financial condition.  *Blackwell v. Dabney*, 702 F.2d 490, 491 (CA4 1983); *Engler v. Van Steinburg*, 744 F.2d 1060 (CA4 1984).

      The first grounds upon which Plaintiffs rely fail because of the lack of proximate cause of the damage.  Had the Debtor not entered into the Stipulation, most likely a judgment would have been entered against him. The court finds that he would have filed bankruptcy in any event, and the same course of events would have unfolded.  The reason that the Plaintiffs fail on the second grounds for relief is more complicated.  The statement that the Debtor owed the property free and clear without any encumbrances was a statement of his financial condition.  Under Fourth Circuit precedents, such as *Dabney* and *Engler*, *supra*, these statements must be in writing.  Oral misstatements of financial condition, however fraudulent they may be, do not provide a basis for the relief sought by the Plaintiffs.

      For these reason, the court will enter an order dismissing the Complaint.  While the false statements made by the Debtor caused considerable damage to the Plaintiffs, under the Bankruptcy Code, the Plaintiffs are entitled to no relief.  While the court cannot say that justice is done by this result, applicable law compels no other.  An appropriate order will be entered.

cc:
Craig L. Holcomb, Esq., P.O. Box 7327, Gaithersburg, MD 20898
Henry/Andrea Hamilton, 3619 Serendipity Road, Woodbridge, VA 22193
Gary A. Rosen, Trustee, One Church Street, Suite 802, Rockville, MD 20850

**End of Memorandum**